UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Debtor(s): __Timothy Dale McClintick__    Case No: 8:17-bk-_____
__Tara Lynn McClintick__

## CHAPTER 13 PLAN

**CHECK ONE:**

___ Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_X_ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

1. **MONTHLY PLAN PAYMENTS:** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A) $2,519.00 for months 1 through 60;
(B) $_____ for months ___ through ___;
(C) $_____ for months ___ through ___;

to pay the following creditors:

2. **ADMINISTRATIVE ATTORNEY'S FEE:**

Base Fee $4,225.00    Total Paid Prepetition $1,500.00    Balance Due $2,725.00

Estimated Additional Fees Subject to Court Approval $ 0.00

Attorney's Fees Payable through Plan $ 550.00 Monthly (subject to adjustment)

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

3. **PRIORITY CLAIMS: (as defined in 11 U.S.C. §507)**

**Last 4 Digits**
**of Acct No.**          **Creditor**                                                **Total Claim**

_____

_____

4. **TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS:** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

(A) **Claims Secured by Real Property Which Debtor Intends to Retain / Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides to cure pre-petition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| xxxx4295 | Wells Fargo Bank | 6239 - 28th Terrace North St. Petersburg, FL | $1,200.00 | | $10,800.00 |

(B) **Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** If Debtor is successful in obtaining a mortgage modification at any time during the case, payments on the modified mortgage shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of the gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income producing property, 75% of the gross rental income generated from the property:

**Last 4 Digits**
**of Acct. No.**    **Creditor**            **Collateral Address**                              **Pmt. Amt.**

_____

_____

(C) **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits of Acct. No. | Creditor | Collateral Desc./Address | Claim Amt. Value | Payment Int. @ _____% |
|---|---|---|---|---|
| | | | | |

(D) **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY:** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Int. @ ___% |
|---|---|---|---|---|---|
| | | | | | |

(E) **Claims Secured by Personal Property - Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan:**

| Last 4 Digits of Acct. No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| | | | | |

(F) **Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| | | |

(G) **Liens to be Avoided per 11 U.S.C § 522 or Stripped Off per 11 U.S.C § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| Last 4 Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| | | |

(H) **Surrender of Collateral/Leased Property.** Debtor will surrender the following

3

collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

**Last 4 Digits**
**of Acct. No.   Creditor                              Property/Collateral to be Surrendered**

_____

_____

**(I) Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

_____

_____

**6.    LEASES/EXECUTORY CONTRACTS:**

**Last 4 Digits**
| of Acct. No. | Creditor | Property | Assume/Reject-Surrender | Est. Arrears |
|---|---|---|---|---|
| xxxx???? | Mazda Capital Services | 2013 Mazda CX9 | Assume | $0.00 |

**7.    GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $ pro rata .

**8.    ADDITIONAL PROVISIONS:**

(A)    Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

(B)    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court;

(C)    Property of the estate (check one)*

(1) _X_ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or
(2) ___ shall vest in Debtor upon confirmation of the Plan.

*If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case,

unless the Court orders otherwise.

(D) The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim shall control, unless the Court orders otherwise.

(E) Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan shall control prior to confirmation; after confirmation the Order Confirming Plan shall control.

(F) Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's consent or court approval.**

9. **NONCORMING PROVISIONS:**
The general unsecured creditors will receive a 100% distribution except for the student loans which will receive no distribution under the plan and will be paid direct by the debtors.

Dated 3/27/17

**TIMOTHY DALE MCCLINTICK**

Dated 3/27/17

**TARA LYNN MCCLINTICK**

5

## PLAN SUMMARY

*The following summary is intended to provide an estimate of anticipated distributions pursuant to this proposed Chapter 13 Plan. The actual distributions may vary based upon claims filed and net disposable income. Further, this plan summary is only to be used by the Debtor as guidance in making payments to the Chapter 13 Trustee. In the event this plan summary conflicts with the body of this plan, the body of the plan shall control.*

Priority:
   None                                                                    $ 0.00

Secured:
   Wells Fargo Bank (mtg - adeq. protect. pmt)      $ 72,000.00
   Wells Fargo Bank (mtg - arrearage)            $ 10,800.00

Attorneys Fees:
Charles G. Moore, PA                            $ 2,725.00

Other:
   Mazda Capital Services (Auto Lease - Assume)      $ 0.00

Pro-rata distribution to unsecured (estimate)         $ 50,470.00

Trustee's Fee - 10.00%                             $ 15,111.00

Total                                                          $151,106.00

Plan payments $2,519.00 x 60 months             $151,106.00

Pre-confirmation Payments are:                 $ 2,519.00